READERS' PUB. CORPORATION v.
UNITED STATES.
No. H–208.

Court of Claims.
April 21, 1930.

Hitt, Miller, Cain & Munson, of Washington, D. C., for plaintiff.

Herman J. Galloway, Asst. Atty. Gen., and Ralph C. Williamson, of Washington, D. C., for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, LITTLETON, GREEN, and GRAHAM, Judges.

148

GRAHAM, Judge.

Plaintiff brought suit for the recovery of $3,786.77 alleged to have been erroneously collected from it as income taxes for the fiscal years ending June 30, 1920, and 1921. Plaintiff is a corporation organized and engaged in business under the laws of the state of New York, with its principal place of business in New York City, and is, and was during the period in question, engaged in the business of publishing and selling a fiction magazine called "Telling Tales." It began business in July, 1919. On July 15, 1919, plaintiff entered into a written contract with the American News Company whereby the distribution of the magazine was undertaken by the American News Company on what is termed a returnable basis; that is, the distributor would be credited with all magazines which it was unable to dispose of within a certain length of time. The magazines so returned were sold for waste paper. On its returns for the fiscal years 1920 and 1921, the taxpayer included in its deductions for ordinary and necessary expenses $9,340 for the year 1920 and $12,114.43 for 1921, which were included in amounts set up on its books as "Reserves for return." Upon a subsequent audit of the returns so filed, the Commissioner of Internal Revenue disallowed these amounts, but allowed as deductions amounts based upon the actual number of magazines returned in the respective years at the allowance provided for in the contract with the American News Company, and thereupon assessed an additional tax of $2,480.13 for the fiscal year 1920 and $1,099.46 for the fiscal year 1921, and interest amounting to $207.18, which additional taxes and interest were paid by plaintiff on May 4, 1926. On June 22, 1926, plaintiff filed a claim for refund of said amount with the collector of internal revenue for the district in which the taxes were paid. Said claim for refund was rejected by the Commissioner of Internal Revenue November 2, 1926.

█ It appears from the plaintiff's tax returns for the years in question here that the sums in the so-called reserves were in addition to the actual returns of unsold magazines.

It is incumbent upon the plaintiff to show that the items sought to be deducted are clearly within the provisions of the statute providing for deductions, and upon it also is the burden of showing satisfactorily that the action of the Commissioner of Internal Revenue which he seeks to overturn was illegal. We think that it has failed in both of these particulars. We are of the opinion that the statute contemplated that only such deductions should be made from gross income as are allowed by the statute, and no deductions for reserves are allowed specifically. These so-called reserves are not deductible as business expenses, for the very good reason that expenses in order to be deductible must have been paid or incurred during the taxable year. The statute does permit reserves to be deducted but in exceptional cases, such as insurance companies. It is also to be noted that the "reserves for returns" on the plaintiff's books are not allowable deductions because they were not actual reserves. A real reserve should represent an actual obligation, and the reserves set up in this case do not represent obligations for the years involved. As stated, they are reserves in addition to the actual returns of unsold copies of magazines and the number of magazines that would be returned in these reserves was not capable of definite determination in advance. The amounts set up as reserves in its books are therefore a mere estimate or guess. Whether the plaintiff's books were kept on an accrual or cash basis, deductions to be allowed must be absolute in character. The reserves claimed by the plaintiff do not represent any fixed or determinable obligation but only a possible liability that would accrue, if ever, in some future year. See McCauley-Ward Motor Supply Co. v. Commissioner, 10 B. T. A. 394.

The petition should be dismissed, and it is so ordered.